IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPH ERIC PATRICK DAVIS                                                      PLAINTIFF

v.                         Civil No.     4:23-cv-04101-SOH-MEF

SHERIFF JEFF BLACK and
JAIL ADMINISTRATOR RAMI COX                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Joseph Eric Patrick Davis, currently an inmate of the Lafayette County Jail, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.     BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP") on October 16, 2023, in the Eastern District of Arkansas. (ECF Nos. 1, 2). The Eastern District Court transferred the case to this Court on October 18, 2023. (ECF No. 3). This Court then ordered Plaintiff to supplement his IFP Motion and amend his Complaint. (ECF Nos. 6, 7). Plaintiff filed his Amended Complaint and completed IFP Motion on December 4, 2023. (ECF

Nos. 9, 10). The Court granted Plaintiff's IFP Motion on December 5, 2023. (ECF No. 11). At all times relevant to the claims in this matter, Plaintiff was a pretrial detainee at Lafayette County Jail ("LCJ") in Lewisville, Arkansas. In his Complaint, Plaintiff alleges three claims against two defendants: Jail Administrator Rami Cox and Sheriff Jeff Black.

In Claim One, Plaintiff claims Defendants denied him medical care and failed to protect him in February and March of 2023. Specifically, Plaintiff sates:

> My Jaw and my nose was broken or fractured and I was denied medical attention on numerous occasions by Rami Cox the jail administrator. I could not eat solid foods for two months. I'm still unable to eat like I should and my nose is crooked Then after I was jumped I was placed back in the same pod. This happened a total of three times I wrote grievances and request forms to get the proper help I needed which I was denied by Rami Cox even after the jail doctor said I needed X-Rays and Medical treatment.

(ECF No. 10, pp. 4-5) (errors in original). Plaintiff asserts Claim One against Defendants in both their individual and official capacities. *Id.*

In Claim Two, Plaintiff also claims Defendants denied him medical care and failed to protect him in February and March 2023. Specifically, Plaintiff states:

> My nose and my jaw was broken or fractured. Rami Cox denied me medical attention on numerous occasions. I was injured by several people jumping on me, then I was put in the same pod with the same guys three different times.

(ECF No. 10, p. 6) (errors in original). Plaintiff asserts Claim Two against Defendants in both their official and individual capacities. *Id.*

In Claim Three, Plaintiff once again claims Defendants denied him medical care and failed to protect him in February and March 2023. Specifically, Plaintiff states:

> My nose & jaw were broken or fractured the jail doctor said, I needed X-Rays Ms. Rami Cox denied my medical treatment. I wrote to get the grievances I filed and she's telling me she does not have them. I was injured by several people jumping on me a total of three times. I was put back in pod each time.

(ECF No. 10, p. 8) (errors in original). Plaintiff asserts Claim Three against Defendants in their

official and individual capacities. *Id.*

Plaintiff claims he lost weight due to his broken jaw, and that his nose is now crooked because it was not timely treated. He requests pain and suffering compensation for these injuries, and punitive damages so no one else must suffer in the same way. (ECF No. 10, p. 9).

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United

States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983.  *See Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.  *See Monell v. Department of Social Servs.*, 436 U.S. 654, 694 (1978).  "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability.") (internal quotations omitted); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability).

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.  To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."  *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).

Plaintiff did not allege any actions or personal involvement of Defendant Black in his Amended Complaint.  Defendant Black cannot be liable simply for being the Sheriff of Lafayette County.  Accordingly, Plaintiff has failed to state a cognizable claim against Defendant Black,

and Defendant Black should be dismissed from this action.

The Court finds Plaintiff has sufficiently stated, at this juncture, a denial of medical care and failure to protect claim against Defendant Cox to warrant service of Defendant Cox. The Court will order service by separate Order.

## IV.    CONCLUSION

For these reasons, it is recommended that the Plaintiff's claims against the Defendant, Sheriff Jeff Black, be dismissed, without prejudice, for failure to state a claim under 28 U.S.C. § 1915A(b)(1). The case should proceed on the Plaintiff's claims against the Defendant, Jail Administrator Rami Cox.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of January 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE