IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPH ERIC PATRICK DAVIS                                                                                    PLAINTIFF

v.                                         Civil No.   4:23-cv-04101-MEF

JAIL ADMINISTRATOR RAMI COX                                                                         DEFENDANT

**ORDER**

    This is a civil rights action filed *pro se* by Plaintiff, Joseph Eric Patrick Davis, under 42 U.S.C. § 1983.  On April 10, 2024, the parties consented to have the undersigned conduct all proceedings in this case, including a jury or non-jury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (ECF No. 34).  Currently, before the Court is Defendant's Partial Motion for Summary Judgment on the limited issue of exhaustion with a Brief in support and a Statement of Indisputable Facts.  (ECF Nos. 23, 24, 25).  Plaintiff filed a Response.  (ECF No. 27).  Defendant filed a Reply.  (ECF No. 30).  Plaintiff then filed another response, a brief in support, a statement of facts, and a supplement.  (ECF Nos. 31, 32, 33, 35).

**I.        BACKROUND**

    Plaintiff is currently incarcerated in the Lafayette County Detention Center ("LCDC"). Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on October 16, 2023, in the Eastern District of Arkansas.  (ECF Nos. 1, 2).  The Eastern District Court transferred the case to this Court on October 18, 2023.  (ECF No. 3).  This Court then ordered Plaintiff to supplement his IFP Motion and amend his Complaint.  (ECF Nos.  6, 7). Plaintiff filed his Amended Complaint and completed IFP Motion on December 4, 2023.  (ECF Nos. 9, 10).  The Court granted Plaintiff's IFP Motion on December 5, 2023.  (ECF No. 11).  At

1

all times relevant to the claims in this matter, Plaintiff was a pretrial detainee. In his Amended Complaint, Plaintiff asserted three claims against two defendants: Jail Administrator Rami Cox, and Sheriff Jeff Black. The Court previously dismissed all claims alleged against Defendant Black at screening pursuant to the Prison Litigation Reform Act ("PLRA"). (ECF Nos. 13, 16). Accordingly, Defendant Rami Cox is the only Defendant remaining.

In Claim One, Plaintiff alleges that Defendant Cox denied him medical care and failed to protect him in February and March of 2023. Specifically, Plaintiff states:

> My Jaw and my nose was broken or fractured and I was denied medical attention on numerous occasions by Rami Cox the jail administrator. I could not eat solid foods for two months. I'm still unable to eat like I should and my nose is crooked Then after I was jumped I was placed back in the same pod. This happened a total of three times I wrote grievances and request forms to get the proper help I needed which I was denied by Rami Cox even after the jail doctor said I needed x-rays and medical treatment.

(ECF No. 10, pp. 4-5) (errors in original).

In Claim Two, Plaintiff also claims Defendant Cox denied him medical care and failed to protect him in February and March 2023. Specifically, Plaintiff states:

> My nose and my jaw was broken or fractured. Rami Cox denied me medical attention on numerous occasions. I was injured by several people jumping on me, then I was put in the same pod with the same guys three different times.

(ECF No. 10, p. 6) (errors in original).

In Claim Three, Plaintiff again claims Defendant Cox denied him medical care and failed to protect him in February and March 2023. Specifically, Plaintiff states:

> My nose & jaw were broken or fractured the jail doctor said, I needed X-Rays Ms. Rami Cox denied my medical treatment. I wrote to get the grievances I filed and she's telling me she does not have them. I was injured by several people jumping on me a total of three times. I was put back in pod each time.

(ECF No. 10, p. 8) (errors in original).

Plaintiff asserts all three claims against Defendant Cox in her individual and official capacities. (ECF No. 10).  Additionally, while Plaintiff lists three separate claims in his Amended Complaint, the Court notes all three claims involve the same factual pattern and Plaintiff states only one claim of denial of medical care and one claim of failure to protect against Defendant Cox. (*Id*.).  The Court will proceed by referring to the claims as the denial of medical care claim and the failure to protect claim.

In her Motion for Summary Judgment, Defendant Cox argues Plaintiff failed to exhaust his administrative remedies for both his denial of medical care claim and failure to protect claim as required by the PLRA, 42 U.S.C. § 1997e(a).  More specifically, Defendant argues the Plaintiff never grieved any issues related to his failure to protect claim, and he failed to follow through with an appeal to the sheriff, as required by the LCDC Grievance Procedure, of his denial of medical care claim.  (ECF No. 24).

Plaintiff argues in his multiple responses and replies[1] that he did properly grieve his denial of medical care claim through the LCDC grievance procedure, or alternatively, if he failed to appeal it was due to the unavailability of the LCDC grievance procedure.  (ECF No. 31, 35).  Plaintiff admits, however, that he did not properly grieve his failure to protect claim through the LCDC grievance procedure.  (ECF Nos. 27, p. 1; 31, p. 2).

## II.     LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine

---

[1] Plaintiff also argues the merits of his denial of medical care claim in his Responses and Replies.  The merits are not at issue here and will not be addressed in this Order.  Plaintiff will have other opportunities to address the merits of his claim.

3

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.   DISCUSSION

The facts relating to exhaustion are mostly undisputed here. It is undisputed that the LCDC has a grievance procedure which reads in whole:

> If any inmate/detainee has a grievance against the jail or its personnel, he/she should put it in writing, place it in a sealed envelope addressed to the Jail Administrator. The Jail Administrator shall determine if the grievance is legitimate in nature or frivolous and take any necessary action. If any inmate/detainee is not satisfied with the decision of the Jail Administrator, the inmate/detainee shall request the grievance be forwarded to the Sheriff. The Sheriff shall then determine if the grievance is legitimate or frivolous in nature and take any necessary action.

(ECF No. 25-4, p. 1) (hereinafter "Grievance Procedure").

4

It is also undisputed that the LCDC had a KIOSK system on which the inmates/detainees used to submit electronic grievances. (ECF Nos. 24, p. 4; 35, p. 4).

Further, it is undisputed that Plaintiff filed two grievances regarding his denial of medical care claim and those filings were accepted as grievances by Defendant. (ECF No. 24, pp. 5-6). The first grievance was filed on September 29, 2023:

> Attention: Sheriff Black . . . . back in March the doctor told me he was going to send me to get x-rays and nose straighten. I still need to go I'm having problems breathing and eating my food. Rami Cox said she wasn't sending me cause I wasn't kicking the door hard enough. I still need medical treatment. I've been denied and its really affecting me especially my breathing and eating. My jaw was fractured back when this happened, and I was unable to eat anything. [I] was denied soft diet and medical treatment. I lost a lot of weight. If it wasn't for other inmates giving me their apple sauce I would have starved to death. Also, Sheriff Black I need copies of all grievances, request and medical request since I've been here.

(ECF No. 25-3, p. 27) (cleaned up) (hereinafter "September 29, 2023 Grievance"). Defendant Cox marked this grievance "Resolved" with no additional comment on October 9, 2023. *Id*. On the same day, after Defendant Cox's response, Plaintiff filed a second grievance:

> I need to speak to the Sheriff asap I can't breath[e] properly [I've] been denied medical treatment.

(ECF No. 25-3, p. 29) (cleaned up) (hereinafter "October 9, 2023 Grievance"). Defendant Cox responded to this Grievance on the same day: "He is out of town this week at training but I will get with him to see you as soon as he gets back." *Id*.

Finally, it is undisputed that Plaintiff failed to file a grievance regarding his failure to protect claim. (ECF Nos. 27, p. 1; 31, p. 2).

### A.     Exhaustion Requirements and Exceptions

The PLRA mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison

5

conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (held unconstitutional on other grounds). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id*. at 218 (internal quotation marks and citations omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Id*.

However, "the PLRA contains its own, textual exception to mandatory exhaustion. Under § 1997e(a), the exhaustion requirement hinges on the availability of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 643 (2016). The Supreme Court has recognized three circumstances under which an administrative remedy is unavailable. First, the Supreme Court has recognized that an administrative procedure is unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* (citing *Booth v. Churner*, 532 U.S. 731, 736 (2001)). Second, when the "administrative scheme" is "so opaque that it becomes, practically speaking, incapable of use." *Ross*, at 644. Third, "[a]dministrative remedies are not available if 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *East*, 986 F.35 at 821 (quoting *Ross*, at 644); *see also Faoulk v. Charrier*, 262 F.3d 687 (8th Cir. 2001) (Inmate submitted an informal resolution request and testified he could not proceed with a formal grievance

6

without a response. Defendant failed to establish Plaintiff could have proceeded with grievance procedure).

### B. Failure to Protect Claim

As Plaintiff admits he failed to file any grievances related to his failure to protect claim, the Court finds Plaintiff failed to exhaust his administrative remedies related to his failure to protect claim. Defendant Cox is, therefore, entitled to summary judgment on Plaintiff's failure to protect claim pursuant to Section 1997e(a) of the PLRA.

### C. Denial of Medical Care Claim

Next, the Court must determine whether the record shows that Plaintiff failed to exhaust his denial of medical care claim. Defendant Cox first argues even though Plaintiff filed two Grievances on his denial of medical care claim, he never appealed these grievances to Sheriff Black as required by the LCDC Grievance Procedure. (ECF No. 24, p. 6). Next, in her Reply, Defendant Cox argues Plaintiff attempted to skip the first step of the LCDC Grievance Procedure and grieve directly to Sheriff Black instead of to Defendant—the jail administrator. (ECF No. 30, pp. 1-2).

Plaintiff argues he did appeal to Sheriff Black or at least attempt to appeal his grievances to Sheriff Black as required, but the appeal procedure was unavailable to him. Specifically, Plaintiff argues Defendant Cox refuses to take written grievances even though the Grievance Procedure requires this. (ECF No. 35, p. 4). Further, Plaintiff argues he filed the September 29, 2023 Grievance through the electronic KIOSK system which Defendant, as jail administrator, did not answer until October 9, 2023, when she marked it "resolved." *Id*. Then he filed the October 9, 2023 Grievances electronically through the KIOSK system addressed to the Sheriff. *Id*. Finally,

7

Plaintiff argues Defendant Cox, as the jail administrator, refused to forward Plaintiff's grievances to Sheriff Black. (ECF No. 27, p. 1).

The record indicates Plaintiff filed a Grievance on September 29, 2023. He received an unsatisfactory response on October 9, 2023, and then on the same day filed another Grievance asking to speak to the Sheriff on the same issue. Defendant Cox has failed to show why this October 9, 2023 Grievance did not satisfy the Grievance Procedure appeal requirement. As the Grievance Procedure itself has no enumerated requirements for the appeal aside from requesting that the grievance be forwarded to the Sheriff, and Defendant Cox made no specific arguments as to how Plaintiff failed to comply, the Court finds a genuine issue of material fact exists as to whether Plaintiff satisfied the appeal requirement of the Grievance Procedure.

Furthermore, even if Plaintiff failed to meet the appeal requirement, the Court finds there are genuine issues of material facts as to whether he was exempt from such requirement. Plaintiff argues Defendant Cox prevented his grievances or appeal of grievances from reaching Sheriff Black. (ECF No. 33, pp. 1-2). Thus, she prevented Plaintiff's exhaustion of the Grievance Procedure. This creates an issue of fact as to whether Defendant thwarted Plaintiff's efforts to take advantage of the Grievance Procedure. *See East*, 986 F.35 at 821.

Lastly, the Court is unconvinced by Defendant Cox's Reply argument that Plaintiff attempted to skip the first step of the Grievance Procedure by grieving directly to Sheriff Black. As explained herein, the Court finds an issue of fact as to whether the Plaintiff is excused from exhaustion based on this current record.

### IV.   CONCLUSION

For the reasons stated above, Defendant's Partial Motion for Summary Judgment (ECF No. 23) is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** as to Plaintiff's

claim for failure to protect, and that claim is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust pursuant to the PLRA.  The Motion is **DENIED** as to Plaintiff's individual and official capacity claims against Defendant Cox for denial of medical care, and those claims remain pending for further proceedings.

    **IT IS SO ORDERED** this 1st day of August 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE