IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPH ERIC PATRICK DAVIS                                                                      PLAINTIFF

v.                                        Civil No. 4:23-cv-04101-MEF

JAIL ADMINISTRATOR RAMI COX                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This is a civil rights action filed *pro* se by Plaintiff, Joseph Eric Patrick Davis ("Davis"), under 42 U.S.C. § 1983. On April 10, 2024, the parties consented to the undersigned conducting all proceedings in this case, including a jury or non-jury trial and to order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 34). Currently before the Court is Defendant Cox's Motion for Partial Summary Judgment. (ECF No. 46). Plaintiff responded. (ECF No. 50). Defendant replied. (ECF No. 52). The matter is ripe for consideration.

**I.     PROCEDURAL BACKROUND**

All the events complained of by Plaintiff in his Complaint took place while he was incarcerated in the Lafayette County Detention Center ("LCDC") in Lewisville, Arkansas in 2023 as a pretrial detainee. (ECF No. 10). Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on October 16, 2023, in the Eastern District of Arkansas. (ECF Nos. 1, 2). The Eastern District Court transferred the case to this Court on October 18, 2023. (ECF No. 3). The Court then ordered Plaintiff to supplement his IFP Motion and amend his Complaint. (ECF Nos. 6, 7). Plaintiff filed his Amended Complaint and completed

1

IFP Motion on December 4, 2023. (ECF Nos. 9, 10). The Court granted Plaintiff's IFP Motion on December 5, 2023. (ECF No. 11).

In his Amended Complaint, Davis alleged three claims against two defendants: Rami Cox, the Jail Administrator of the LCDC, and Jeff Black, the Sheriff of Lafayette County. The Court dismissed all claims alleged against Sheriff Black at screening pursuant to the Prison Litigation Reform Act ("PLRA"). (ECF Nos. 13, 16). Accordingly, Defendant Cox is the only Defendant remaining at this juncture.

Davis first claims Defendant Cox denied him medical care and failed to protect him in February and March of 2023. Specifically, Davis states:

> My Jaw and my nose was broken or fractured and I was denied medical attention on numerous occasions by Rami Cox the jail administrator. I could not eat solid foods for two months. I'm still unable to eat like I should and my nose is crooked Then after I was jumped I was placed back in the same pod. This happened a total of three times I wrote grievances and request forms to get the proper help I needed which I was denied by Rami Cox even after the jail doctor said I needed X-Rays and Medical treatment.

(ECF No. 10, pp. 4-5) (errors in original). In support of his official capacity claim, Davis states: "Denied Medical treatment, failed to [p]rotect on multiple occasions." *Id.* at 5.

In Claim Two, Davis again claims Defendant Cox denied his medical care and failed to protect him in February and March 2023, pleading:

> My nose and my jaw was broken or fractured. Rami Cox denied me medical attention on numerous occasions. I was injured by several people jumping on me, then I was put in the same pod with the same guys three different times.

(ECF No. 10, p. 6) (errors in original). For his official capacity claim, Davis states: "Denial of medical attention failed to [p]rotect." *Id.* at 7.

2

In Claim Three, Davis once again claims Defendant Cox denied his medical care and failed to protect him in February and March 2023, stating:

> My nose & jaw were broken or fractured the jail doctor said, I needed X-Rays Ms.Rami Cox denied my medical treatment. I wrote to get the grievances I filed and she's telling me she does not have them. I was injured by several people jumping on me a total of three times. I was put back in pod each time.

(ECF No. 10, p. 8) (errors in original). For his official capacity claim, Davis again states: "denied medical treatment failed to [p]rotect." *Id.* at 8.

As just illustrated, Davis lists three separate claims in his Amended Complaint, but all three claims involve the same factual pattern. As such, Davis effectively states only one claim of denial of medical care and one claim of failure to protect against Defendant Cox in his Amended Complaint. (ECF No. 10). Therefore, the Court will proceed by referring to the claims as the "denial of medical care claim" and the "failure to protect claim" rather than Claim One, Two, and Three as designated in his Amended Complaint.

On March 12, 2024, the Defendant filed a Motion for Summary Judgment on the limited issue of exhaustion of remedies. (ECF No. 23). On August 1, 2024, the Court entered an Order granting in part and denying in part this Motion. (ECF No. 36). Specifically, the Court granted Defendant Cox summary judgment on Plaintiff's failure to protect claim, as Davis admitted he failed to exhaust such claim. *Id.* The Court, however, found that Davis sufficiently raised genuine issues of material fact as to whether Defendant Cox prevented his exhaustion of the denial of medical care claim. *Id.* Accordingly, the only claim remaining before the Court at that point was the denial of medical care claim against Defendant Cox in both her individual and official capacities.

On March 10, 2025, Defendant Cox filed the pending Motion for Partial Summary Judgment and supporting documents. (ECF Nos. 46, 47, 48). In this Motion, Defendant Cox concedes there is a genuine issue of material fact regarding Plaintiff's individual capacity claim for denial of medical care against her. Thus, Defendant Cox does not move for judgment on Plaintiff's denial of medical care claim in her individual capacity. She does, however, argue she is entitled to judgment as a matter of law on Plaintiff's official capacity claim for denial of medical care. (ECF No. 46). More specifically, Defendant Cox argues: (1) there is no unconstitutional policy implemented by Defendant Cox that violated Plaintiff's constitutional rights; and (2), to the extent Davis attempts to allege a custom of not adhering to the official policy, one instance is insufficient to establish a custom. (ECF No. 47, p. 3-5).

On March 25, 2025, Plaintiff filed his response to Defendant Cox's Motion for Partial Summary Judgment arguing: (1) he can prove Defendant was deliberately indifferent to his serious medical need, thus, violating his Eighth Amendment rights; (2) Sheriff Black, as a policy maker, should have told Defendant Cox to "do something" about Plaintiff's medical need; and (3) because Sheriff Black was aware of the problem there should be County liability. (ECF No. 50). Plaintiff did not attach any exhibits or affidavits to his Response, nor did he properly verify his response or have it notarized in compliance with Federal Rule of Civil Procedure 56.[1]

---

[1] Summary judgment evidence "must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Federal Rule of Civil Procedure 56(e). Additionally, Plaintiff was advised in the Court's Order of April 1, 2024, directing his response to the instant Motion: "At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. See FED.R.CIV.P. 56(e). This means the Response must include legal arguments, as well as affidavits, prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. The affidavit must be based upon the personal knowledge of the person executing the affidavit and must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. 1746." (ECF No. 26) (emphasis in original).

Davis also filed a separate document attempting to dispute Defendant Cox's Statement of Facts. (ECF No. 51). But Davis did not properly verify this document or include any affidavit or other evidence for the Court. Accordingly, the Court is limited to considering the facts asserted in Plaintiff's verified Amended Complaint[2] and in his sworn deposition. (ECF Nos. 10, 48-7).

On April 1, 2025, Defendant Cox filed a Reply (ECF No. 52) pointing out that Plaintiff's Response primarily focuses on the merits of his individual capacity claim against Defendant Cox, which is not at issue in the pending Motion. Further, Defendant Cox rightly notes Sheriff Black is no longer a Defendant in this case. *Id.* Finally, Defendant Cox argues Davis did not allege any policy, practice, or custom of Lafayette County violated his constitutional rights in his Amended Complaint or Response. *Id.*

## II.     FACTUAL BACKGROUND

The material facts related to Plaintiff's official capacity claim are undisputed. The LCDC had a policy to provide inmates and detainees with medical care. It specifically reads:

> Medical Care:
>
> Medical care will be conducted on an as needed basis. Inmates/detainees should fill out and turn in a medical request form in order to receive medical treatment.
>
> Necessary medical treatment will be made available to all inmates/detainees.
>
> All medications given to inmates/detainees by facility personnel will be taken immediately, and initialed on the log by inmates/detainees.

---

[2] A verified complaint is the equivalent of an affidavit for summary judgment purposes. *See, e.g., Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001). As the Court in *Roberson* pointed out, "[a]lthough a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion. *Id.*

> Frivolous complaints will not be tolerated. Abuse of medical treatment may result in disciplinary action, or criminal prosecution. Only emergency dental attention is available.
>
> If convicted of a crime for which the inmate is incarcerated, a $10.00 charge for each doctor, nurse, dentist visit and a $10.00 charge for each prescription will be added to the inmate's restitution report at the time of conviction. This restitution will be paid to the Lafayette County Sheriff's Department.

(ECF No. 48-6).

Davis testified in his deposition he was injured on February 17, 2023, when he was attacked by a fellow inmate who hit him in the jaw and nose and busted his head on the floor. After the attack he could not open his jaw, had blood draining out of his nose, and broken teeth sticking through his gums. Davis also testified he could not eat for months afterward due to the injuries, and he lost approximately 20 pounds. (ECF No. 48-7, pp. 17, 48, 56). The medical provider at the LCDC prescribed ibuprofen and requested Davis be sent for x-rays on February 24, 2023. (ECF No. 48-3, p. 2). Davis testified he was never sent for x-rays nor received any medical care for what he characterizes as a broken jaw, broken nose, and broken teeth beyond ibuprofen he could not swallow. (ECF No. 48-7, p. 17, 35, 48, 56).

Defendant Cox attached Plaintiff's grievance and medical request forms submitted during the time at issue here.[3] On September 29, 2023, Davis submitted a Grievance to Sheriff Black stating:

> . . . back in march the doctor told me he was going to send me to get xrays and nose re straightened. I still need to go im having problems breathing and eating my food. Rami Cox said she wasn't sending me cause I wasn't kicking the door hard enough. I still need medical treatment. I've been denied and its really affecting me especially my breathing and eating my jaw was fractured back when this

---

[3] Defendant Cox verified these Grievances and Medical Requests with Sheriff Black's Affidavit, who is custodian of records at the LCDC, which verifies the Grievances and Requests are true and accurate copies kept in the ordinary course of business at the LCDC. (ECF No. 48-1, 1).

6

> happened and I was unable to eat anything was denied soft diet and medical treatment. I lost a lot of weight if it wasn't for other inmates giving me their applesauce I would have starved to death. Also, sheriff black I need ocpies of all grievances, requests and medical request since I've been here.

(ECF No. 48-3, p. 25). Defendant Cox reviewed the Grievance on October 4, 2023, and marked it resolved on October 9, 2023. *Id.*

On September 29, 2023, Davis filed a Grievance stating:

> I was jumped in February my nose was broke and my jaw was fractured I'm having problems breathing and my jaw is causing major pain also I believe I suffered a concussion my equal Librium is still of I need xrays and cat scan. I need my nose fixed it happened while I was here in February.

(ECF No. 48-3, p. 26). Defendant Cox reviewed the Grievance on October 4, 2023, and noted it was printed and in the "Dr's folder." *Id.*

On October 9, 2023, Davis submitted a Grievance stating: "I need to speak to the sheriff asap I can't breath properly I've been denied medical treatment." (ECF No. 48-3, p. 27). Defendant Cox reviewed the Grievance on October 9, 2023 and noted: "He is out of town this week at training but I will get with him to see you as soon as he gets back." *Id.*

Also on October 9, 2023, Davis submitted a Medical Request, stating: "I'm having problems breathing my nose was broke when I got here. My jaw was broke I'm having trouble eating." (ECF No. 48-3, p. 28).

On October 10, 2023, Davis submitted another Medical Request stating:

> im having problems eating cause i cant breath and my teeth are broke because of getting jumped in her not only once but 3 times, i cant eat anything hard and my nose is blocked off its had a continuous drain since it was broke.

(ECF No. 48-3, p. 29). On October 11, 2023, Defendant Cox reviewed the Medical Request and noted: "Printed and in the Dr's folder." *Id.*

7

On October 25, 2023, Plaintiff again requested to speak with the Sheriff, and Defendant Cox responded on October 26, 2023, that she would let him know. (ECF No. 48-3, p. 37).[4]

Additionally, Defendant Cox submitted Sheriff Black's Affidavit, in which the Sheriff stated under oath: (1) that he had no knowledge of any LCDC personnel failing to follow the written policy; (2) he had no knowledge of Plaintiff's allegations at issue in this lawsuit; (3) he was not aware x-rays were not ordered for Plaintiff; and (4) he was not notified of any issues regarding Plaintiff's medical care during his incarceration. (ECF No. 48-1). Davis has not presented any summary judgment evidence to dispute Sheriff Black's Affidavit.

In his deposition, Davis testified regarding his official capacity claim that, "[t]o be honest with you … I don't know nothing about the law, so I don't know which one to check. … and I figured it was best if I checked both." (ECF No. 48-7, p. 58). He added:

> It's a - - it's a - - it's a known problem for Lafayette County. Yes, ma'am. As far as that goes. I mean, 'cause it ain't - - don't let it happen. I've sat there and watched numbers of people be jumped on and denied medical treatment for one thing or another, or fall out, have seizures, and denied medical treatment, or just multiple things. That's - - that's, I guess, my point of view of it really on that part.

(ECF No. 48-7, p. 59).

### III.    LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once

---

[4] Defendant Cox also submitted many other Medical Requests and Grievances that are unrelated to the issues in this Motion. (ECF No. 48-3). Additionally, Defendant Cox submitted Plaintiff's medication logs, however, whether Plaintiff received medication is not at issue on this Motion. (ECF No. 48-4).

a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. at 610. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### IV. DISCUSSION

Under 42 U.S.C. § 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities. The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Id.* Here, that means Davis must show a policy or custom of Lafayette County caused his constitutional violation.

Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

Plaintiff has adequately stated an individual capacity claim against Defendant Cox for denial of medical care, and Defendant Cox admits that genuine issues of material fact exist as to that claim. The only claim Defendant Cox moves to dismiss in her Motion for Partial Summary Judgment is Plaintiff's official capacity claim for denial of medical care against her. Accordingly, the Court need not address the majority of Plaintiff's arguments in his Response as they center around Plaintiff's individual capacity claim against Defendant Cox.

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Lafayette County's liability under Section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). Thus, Plaintiff's official capacity claim against Defendant Cox is "functionally equivalent" to alleging her employer, Lafayette County, had "a policy, custom, or [took an] official action" that deprived him of his constitutional rights. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006).

It is undisputed that Lafayette County's policy regarding medical care states inmates and detainees will be provided medical care as needed. (ECF No. 48-6). Davis does not argue this policy is unconstitutional or caused the denial of his medical care. Instead, he argues that "they" did not follow this policy, thereby violating his constitutional rights by denying him medical care. (ECF No. 51, pp. 4-5). Further, Davis makes no factual allegation in his Amended Complaint regarding the LCDC policy or how it may have caused his alleged constitutional violation. Accordingly, Davis has failed to state a cognizable official capacity claim against Defendant Cox based on an unconstitutional policy of the LCDC.

That does not end the analysis, because even if the official policy of the LCDC did not cause Plaintiff's alleged constitutional violation, he may still establish official capacity liability by showing that a custom of Lafayette County caused the violation. To establish a claim for "custom" liability, a plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the official of that misconduct; and

3) That Plaintiff was injured by acts pursuant to the government entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas County Medical Dept.*, 725 F.3d 825, p. 828 (8th Cir. 2013). But "[a] single deviation from a written, official policy does not prove a conflicting custom." *Id.* at 828-9 (internal quotation and citation omitted).

Defendant Cox argues Davis has only claimed a single incident – his own denial of medical care – and that such a single incident cannot establish an unconstitutional custom claim. The Court

11

agrees. *See Perryman v. City of Bloomington*, 704 F.Supp.3d 961, 967-68 (D. Minn Dec. 4, 2023) (citing *Quinn v. Doherty*, 637 F. Supp. 3d 647, 667 (D. Minn. 2022) ("But Plaintiffs' specific allegations relate only to Plaintiffs' experience. This isolated event does not establish a custom."); *Yang v. City of Minneapolis*, 607 F. Supp. 3d 880, 898 (D. Minn. 2022) ("Alleging a single instance of misconduct is not sufficient to support an inference of a custom or unofficial policy of the City."); *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 615 (8th Cir. 2003) ("The failure to disclaim one single religious exercise surely does not support the existence of a custom or policy.")).

While Davis testified in his deposition that he watched "numbers of people" be denied medical care for various reasons, he did not provide any evidence beyond this conclusory and vague statement. (ECF No. 48-7, pp. 58-59). Such a statement does not create a genuine issue of material fact to survive summary judgment. *See McClanahan v. Young,* 2016 WL 520983, at *3 (D. SD Feb. 5, 2016) ("Conclusory, non-specific statements in an affidavit or verified complaint do not meet this standard."); *see also Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998) ("Conclusory affidavits, standing alone, cannot create a genuine issue of material fact precluding summary judgment."). Accordingly, Davis has failed to state a cognizable claim for an official capacity claim against Defendant Cox based on a custom of Lafayette County.

Finally, Davis argues Sheriff Black knew he was being denied medical care, and this knowledge by the Sheriff establishes county liability. He argues Sheriff Black should have forced Defendant Cox to provide him medical care. Plaintiff does not, however, offer any verified statement of fact to dispute the facts stated in Sheriff Black's Affidavit. Sheriff Black specifically stated under oath that he had no knowledge of Plaintiff's medical needs. (ECF No. 48-12). And

Davis made no claim of knowledge or personal involvement of Sheriff Black in his Amended Complaint or in his Deposition.[5] Lastly, Sheriff Black is no longer a Defendant in this matter.

Accordingly, the Court does not find any genuine issues of material fact regarding Sheriff Black's knowledge implicating Lafayette County liability here.

## V.   CONCLUSION

For the reasons and upon the authorities discussed above, Defendant Cox's Motion for Partial Summary Judgment (ECF No. 46) is **GRANTED**, and Plaintiff's official capacity claim for denial of medical care against Defendant Cox is **DISMISSED WITH PREJUDICE**. This leaves for further litigation only Plaintiff's denial of medical care claim against Defendant Cox in her individual capacity.

**IT IS SO ORDERED** this 7th day of August 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[5] Moreover, in response to Defendant Cox's Motion for Summary Judgment on the issue of exhaustion, Davis even asserted that Defendant Cox refused to forward his grievances to Sheriff Black. (ECF No. 36). This factual assertion created a genuine issue of material fact to survive summary judgment on exhaustion for Plaintiff's denial of medical care claim. *Id.* Plaintiff may not now, when it suits his purposes, argue for a contrary factual record where Sheriff Black was in possession and fully informed of Plaintiff's medical requests and grievances.